IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KEVIN ESLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| BEASY TRANS SYSTEMS, INC., | ) | NOTICE OF REMOVAL |
| ADAPTIVE SPECIALITIES, and PRICKET | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Beasy Trans Systems, Inc. ("Beasy"), hereby removes and gives notice of the removal of the above-styled action from the Court of Common Pleas for Franklin County, Ohio, to the United States District Court for the Southern District of Ohio. In support of removal, Beasy states:

**I.   BACKGROUND**

1.   Kevin Eslinger ("Plaintiff") purportedly filed a Complaint on March 1, 2021, in the Court of Common Pleas for Franklin County, Ohio, where it was assigned Case No. 21-cv-001278. (*See* Ex. A, Compl.)

2.   In the Complaint, Plaintiff alleges that he suffered "severe injury and wounds to his buttocks" from his use of a Beasy Transfer Board (the "Subject Product") on March 1, 2019. (*See id.* ¶ 7.) These wounds allegedly became infected, resulting in Plaintiff suffering sepsis and other severe medical conditions. (*See id.*)

3.     The Complaint purports to allege two causes of action against Beasy: (i) Manufacturer Liability pursuant to O.R.C. § 2307.73; and (ii) common-law negligence. (*Id.* ¶¶ 4-11, 22-24.)[1]

## II.   JURISDICTIONAL BASIS FOR REMOVAL

### A.     Complete Diversity of Citizenship Now Exists

4.     While Plaintiff fails to allege that he is a citizen or domicile of any state in the substantive paragraphs of the Complaint, the caption of the Complaint indicates that Plaintiff is a citizen and domicile of the State of Ohio. (*See generally*, *id.*)

5.     Beasy is a corporation organized and existing under the laws of the State of Minnesota and having its principal place of business located at 36401 Forest Blvd., North Branch, Minnesota. Beasy is not incorporated in Ohio and does not have a principal place of business in this State. As such, complete diversity exists between Beasy and Plaintiff. 28 U.S.C. § 1332(c)(1).

6.     Defendant Pricket Group, LLC ("Pricket"), is a corporation organized and existing under the laws of Kentucky and having its principal place of business located at 7102 Curtis Avenue, Florence, Kentucky. (*See* Ex. A, Compl. ¶ 3.) Pricket is not incorporated in Ohio and does not have a principal place of business in this State. As such, complete diversity exists between Pricket and Plaintiff. 28 U.S.C. § 1332(c)(1).

7.     Plaintiff has also alleged claims against defendant Adaptive Specialties, a corporation organized and existing under the laws of Ohio and having its principle place of business located at 470 Olde Worthington Road, Suite 200, Westerville, Ohio. (*See* Ex. A, Compl. ¶ 2.) However, this does not defeat complete diversity of citizenship among the parties, as Plaintiff has fraudulently joined Adaptive Specialties to this litigation.

---

[1] The Complaint also alleges a Supplier Liability cause of action against defendants Adaptive Specialties and Pricket Group, LLC, pursuant to O.R.C. § 2307.78. (*See id.* ¶¶ 12-21.)

8.     "A party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). A non-removing party commits fraudulent joinder by joining a party against whom it has "'no colorable cause of action.'" *Id.* (quoting *Saginaw*, 576 F.3d at 624). Indeed, "[t]o prove fraudulent joinder, the removing party must *present sufficient evidence* that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (emphasis in original). Where a removing party successfully proves fraudulent joinder, the citizenship of the fraudulently joined defendant is ignored for purposes of determining diversity jurisdiction. *See id.*

9.     In evaluating whether a party has been fraudulently joined, the Court may "'pierce the pleadings and conduct a summary inquiry'" where the plaintiff has "'misstated or omitted discrete facts that would determine the propriety of joinder.'" *Walker*, 443 F. App'x 946, 952-53 (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (noting that a court may "pierce the pleading" and consider summary judgment evidence, such as affidavits, "for the limited purpose of determining whether there are undisputed facts that negate the claim") (internal citations omitted).

10.     Here, Plaintiff has asserted causes of action in Supplier Liability pursuant to O.R.C. § 2307.78 and common-law negligence against Adaptive Specialties as the alleged supplier of the Subject Product. (*See* Ex. A, Compl. ¶¶ 12-24.)

11.     However, there is no reasonable basis in fact or colorable cause of action under the law for these claims because Adaptive Specialties did not sell the allegedly defective product to Plaintiff.

12.     Attached to this Notice of Removal as Exhibit B is the Declaration of Darlene Horsfield, the President and Owner of HPMS, Inc., an entity domiciled in Massachusetts and New Hampshire and doing business as the Therapy Connection. (*See* Ex. B, Decl. of Darlene Horsfield, ¶¶ 1, 3-4.) Ms. Horsfield confirms in her Declaration that she is familiar with the Plaintiff and his order of the Subject Product, which was fulfilled through HPMS, Inc. (*See id.* ¶ 4.) Indeed, as this Declaration establishes, Plaintiff purchased the Subject Product from HPMS, Inc.—not Adaptive Specialties—online through Amazon, and HPMS, Inc., "fulfilled that order as an agent for Amazon." (*See id.* ¶ 5.) Beasy then shipped the Subject Product directly to Plaintiff. (*See id.*)

13.     Also attached to this Notice of Removal as Exhibit C is the Declaration of Kelly Rogstad, the Director of Sales for Beasy. (*See* Ex. C, Decl. of Kelly Rogstad, ¶ 1.) The Declaration confirms that Ms. Rogstad "personally reviewed" the Beasy records and found no record of any Beasy Transfer Board having been sold to Plaintiff from Adaptive Specialties. (*See id.* ¶ 5.) Ms. Rogstad's review did reveal, however, that Plaintiff's order of the Subject Product was fulfilled through HPMS, Inc., rather than Adaptive Specialties. (*See id.* ¶ 6.) Included as an attachment to Ms. Rogstad's Declaration is a copy of the invoice reflecting Plaintiff's purchase of the Subject Product, which was shipped by Beasy to Plaintiff on December 14, 2018, following his purchase of the Subject Product online through Amazon. (*See id.* ¶ 7.) HPMS, Inc., fulfilled Plaintiff's order as an agent for Amazon. (*See id.*) Thus, "[c]ontrary to the allegations in the Summons and Complaint, Adaptive Specialties had nothing to do with the sale, distribution, order or fulfillment of this particular Board." (*Id.* ¶ 8.)

14.     Put simply, these Declarations present indisputable evidence that Adaptive Specialties was not involved in Plaintiff's purchase of the Subject Product. As such, the Court may consider these undisputed facts in the context of a fraudulent joinder analysis. *See Walker*, 443 F. App'x at 952-53; *Casias*, 695 F.3d at 433.

15.     Because the evidence clearly shows that Adaptive Specialties was not involved in Plaintiff's purchase of the Subject Product, Plaintiff has no colorable cause of action against Adaptive Specialties. Accordingly, Adaptive Specialties was fraudulently joined to this litigation, and its citizenship as an Ohio domicile is ignored for purposes of determining diversity. *See Coyne*, 183 F.3d at 493.

16.     Thus, complete diversity of citizenship exists among the parties to this case, namely Plaintiff, Beasy, and Pricket, and removal to the United States District Court for the Southern District of Ohio is proper. *See* 28 U.S.C. § 1332(c)(1).

**B.     The Amount in Controversy Exceeds $75,000**

17.     The defendant seeking to remove an action to federal court has the burden of showing "by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

18.     Here, Plaintiff is seeking compensatory damages against Beasy in an amount "in excess of $25,000.00" for the alleged "severe" injuries and wounds he suffered when his body became "trapped within the sliding grove and/or slot" of the Subject Product, including laceration wounds to his buttocks and the subsequent infection of those same wounds, resulting in Plaintiff suffering sepsis and other severe medical conditions. (*See* Ex. A, Compl. ¶ 7.)

19.     Plaintiff also alleges that he "has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has suffered great

physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment." (*Id.* ¶¶ 11, 21, 24.)

20.     Ohio Rule of Civil Procedure 8(A) does not allow a party seeking more than twenty-five thousand dollars to "specify in the demand for judgment the amount of recovery sought." Ohio Civ. R. 8.

21.     Where a defendant seeks to remove a case to federal court pursuant to diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice does not permit demand for a specific sum[.]" 28 U.S.C. § 1446(c)(2)(A)(ii).

22.     Within its notice of removal, the removing party need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

23.     Where a party does not specify the amount in controversy sought, the court must conduct a "fair reading" of the complaint's allegations to adequately determine whether the amount in controversy exceeds $75,000. *Hayes*, 266 F.3d at 573.

24.     Although Beasy denies Plaintiff is entitled to any damages whatsoever, Beasy contends in good faith that the amount in controversy exceeds $75,000 in this case due to Plaintiff's demand for compensatory damages seeking to compensate Plaintiff for his alleged severe injuries and wounds, including laceration wounds to his buttocks, his suffering of sepsis and other "severe

medical conditions," his suffering of alleged past and future medical expenses and attention, great physical pain, mental anguish, emotional distress, and inability to engage in usual activities, as well as all of these same injuries that Plaintiff alleges he is reasonably certain to continue sustaining in the future. (*See* Ex. A, Compl, ¶¶ 7-8, 11, 21, 24.) *See Swiger v. Kohls Dep't Store, Inc.*, No. 3:08-cv-159, 2008 WL 11350341, at *2 (S.D. Ohio July 7, 2008), *report and recommendation adopted,* No. 3:08-cv-159, 2009 WL 10679037 (S.D. Ohio Jan. 12, 2009) (concluding that, despite plaintiff's demand for an amount in excess of $25,000, plaintiff's alleged injuries—including personal injury resulting in pain and suffering, inability to perform normal functions of life, and past and possible future medical expenses and surgeries—likely valued plaintiff's claims at an amount in excess of $75,000).

25.     This removal is therefore proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a).

## III.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

26.     This Notice of Removal is filed within thirty days of service of Plaintiff's Complaint and, therefore, is timely under 28 U.S.C. § 1446(b)(1).

27.     Contemporaneous with the filing of this Notice of Removal, Beasy will give written notice thereof to all adverse parties and will file a copy of this Notice with the clerk of the Court of Common Pleas for Franklin County. *Id.* § 1446(d).

28.     Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the corporate disclosure statement of Beasy is filed concurrently herewith and attached hereto as Exhibit D.

29.     Beasy's Notice of Filing the Notice of Removal will be filed within the Court of Common Pleas for Franklin County, Ohio.

30.   Copies of all process, pleadings, and orders served on Beasy in the Court of Common Pleas for Franklin County, as well as the Franklin County docket sheet, are attached hereto as Exhibit E. *See* 28 U.S.C. § 1446(a).

31.   The two remaining defendants to this litigation—Adaptive Specialties and Pricket—have not provided consent to this removal. However, Beasy can remove this case to the United States District Court for the Southern District of Ohio without the consent of either Adaptive Specialties or Pricket.

32.   First, defendant Adaptive Specialties has been fraudulently joined and, therefore, its consent to removal is not required. *See id.* § 1446(b)(2); *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("[Section] 1446(b)(2) only requires the consent of *properly* joined defendants [for removal]; the consent of a defendant that has been *fraudulently* joined is not necessary.") (emphasis in original).

33.   Second, a removing defendant may proceed with removal without the consent of a co-defendant in default, but the removing defendant must state with specificity the steps taken in unsuccessfully attempting to obtain the defaulting defendant's consent. *See Zipline Logistics, LLC v. Powers & Stinson, Inc.*, No. 2:15-CV-693, 2015 WL 4465323, at *5 (S.D. Ohio July 21, 2015); *Kralj v. Byers*, No. 4:06 CV 0368, 2006 WL 8449912, at *3 (N.D. Ohio Apr. 5, 2006). Both *Zipline* and *Kralj* rely on a case from the Northern District of Florida, which stated:

> in order to excuse such consent, the removing defendant must allege in its petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent. Conclusory allegations in an affidavit are insufficient. Instead, to sustain its burden on removal, the removing defendant must describe what efforts it took and those efforts must be consistent with the exercise of reasonable diligence, similar to that necessary for a plaintiff to establish a basis for substitute service.

*White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1303-04 (N.D. Fla. 2004).

34.     Service of process was delivered to Pricket's location on March 6, 2021, pursuant to the "Service Complete" document for Pricket, uploaded to the Franklin County docket sheet and attached hereto as Exhibit F. Because Pricket did not file a responsive pleading within twenty-eight days, *see* Ohio Civ. R. 12(a), it was in default beginning April 6, 2021.

35.     Despite exhausting all reasonable efforts, Beasy has been unable to locate and/or contact any representative from Pricket to obtain the entity's consent for removal. (*See generally* Ex. G, Decl. of Christopher S. Winkler, Esq.) Indeed, unsuccessful efforts to locate and/or contact a Pricket representative included emailing multiple email addresses, calling numerous telephone numbers and leaving voicemails, and attempting to contact the purported Pricket owner through LinkedIn for numerous days, including April 1 through April 5, 2021. (*See id.* ¶¶ 5-6, 8-9.) Moreover, additional unsuccessful attempts to identify contact information for Pricket included researching the entity on Westlaw and the Public Access to Court Electronic Records ("PACER") website for cases in which Pricket was previously involved. (*See id.* ¶ 7.)

36.     Simply put, despite extensive efforts to contact a Pricket representative and obtain the entity's consent for removal, Beasy has been unable to do so. (*See id.* ¶ 10.) Pursuant to *Zipline* and *Kralj*, however, Beasy can proceed with removal without Pricket's consent.

37.     This action is properly removed to the United States District Court for the Southern District of Ohio because the case was originally filed in the Court of Common Pleas for Franklin County, Ohio, which lies geographically within this judicial district and division. 28 U.S.C. §§ 115(b), 1441(a).

38.     No previous application has been made for the relief requested in this removal.

39.     Thus, all procedural elements for removal have been satisfied.

## IV.     RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

40.     If any question arises as to the propriety of the removal of this action, Beasy respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

41.     Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Beasy's ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## V.     JURY DEMAND

Beasy demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Beasy Trans Systems, Inc., removes this action to the United States District Court for the Southern District of Ohio.

Dated: April 7, 2021                              Respectfully submitted,

                                                  PIETRAGALLO GORDON ALFANO BOSICK &
                                                      RASPANTI, LLP

                                                  */s/ Robert J. D'Anniballe, Jr., Esq.*
                                                  Robert J. D'Anniballe, Jr., Esq. (#0003585)
                                                  Clem C. Trischler, Esq.
                                                  *(pro hac admission to be sought)*
                                                  200 Stanton Boulevard, Suite 100
                                                  Steubenville, Ohio 43952
                                                  Telephone: (740) 282-6705
                                                  Facsimile: (740) 282-8667
                                                  rjd@pietragallo.com
                                                  cct@pietragallo.com
                                                  *Counsel for Beasy Trans Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.  I hereby certify that I have served the foregoing via electronic mail and/or U.S. Mail to all non-ECF participants.

Daren T. Niemi
The Podor Law Firm, LLC
33565 Solon Road
Solon, Ohio, 44139

*Counsel for Plaintiff Kevin Eslinger*

*/s/ Robert J. D'Anniballe, Jr., Esq.*
Robert J. D'Anniballe, Jr., Esq.