# EXHIBIT A

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **KEVIN ESLINGER**<br>1598 Pilgrim St.<br>Akron, OH 44304<br><br>              Plaintiff,<br><br>   v.<br><br>**Beasy Trans Systems, Inc.**<br>36401 Forest Blvd.<br>North Branch, MN 55056<br><br>      Serve Also:<br><br>**Beasy Trans Systems, Inc.**<br>5617 29th Avenue North<br>Crystal, MN 55422<br><br>      And,<br><br>**Adaptive Specialties**<br>470 Olde Worthington Rd.<br>Ste. 200<br>Westerville, OH 43082<br><br>      And,<br><br>**Pricket Group, LLC.**<br>7102 Curtis Ave.<br>Florence, KY 41042<br><br>            Defendants. | CASE NUMBER:<br><br>JUDGE:<br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

Now comes the Plaintiff, by and through the undersigned counsel, and for his Complaint, states the following:

# DEFENDANTS

1. Defendant Beasy Trans Systems, Inc. [hereinafter "Defendant Beasy"] is a foreign corporation that is the manufacturer of a medical transfer device known as a "Beasy Transfer Board" and used by individuals with limited mobility, such as Plaintiff.

2. Defendant Adaptive Specialties [hereinafter "Defendant Adaptive"] maintains a principal place of business in Franklin County, Ohio and is distributor of Defendant Beasy's Transfer Board.

3. Defendant Prickett Group, LLC. [hereinafter "Defendant Prickett"] is a foreign corporation and owner of the registered trade name "Amazon", the online merchandise dealer.

## COUNT ONE: MANUFACTURER LIABILITY

4. Plaintiff incorporates by reference, as if fully rewritten herein, each and every allegation contained in paragraphs one (1) through three (3) of Plaintiff's complaint, and state the following:

5. At all times relevant herein, Defendant Beasy was the manufacturer of the Beasy Transfer Board.

6. Pursuant to O.R.C. § 2307.73, manufactures may be held liable under products liability if the plaintiff can establish the product was: 1) defective in manufacture or design; 2) contained a foreseeable risk of harm due to design or formulation, including that it contained a likeliness of harm in its foreseeable use; 3) was defective because it contained inadequate warning or instructions; or 4) was defective because it did not conform to representations made by the manufacturer.

7. On or about March 1, 2019, Plaintiff, an amputee with limited mobility and while using his

Beasy Transfer Board suffered severe injury and wounds to his buttocks from his use of the Beasy Transfer Board. Said wounds became infected, ultimately resulting in Plaintiff suffering sepsis and other severe medical conditions.

8. That Plaintiff's injuries were the result of a defective manufacture or design. That the manufacture and/or design was defective including, among other ways, by allowing portions of Plaintiff's body to become trapped within the sliding grove and/or slot and lacerated as a result.

9. That Plaintiff's injuries and/or harm was reasonably foreseeable under the circumstances due to the fact that persons, such as Plaintiff, use said device by sitting on a small, round disc-shaped seat above the sliding grove and/or slot. That the seat is not reasonably large enough to ensure that parts of users' bodies are fully supported and safely maintained away from said sliding grove and/or slot.

10. Plaintiff further alleges that the warning was insufficient to protect users from harm such as that he suffered. No instruction and/or warning on or within the packaging of the device alerted Plaintiff specifically to the risk that a portion of his body might become trapped within the device, resulting in severe harm.

11. As a direct and proximate result of the aforementioned negligence and/or gross negligence and/or willful and/or wanton and/or reckless acts and/or failure to act of Defendant Beasy, Plaintiff has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, suffer great physical pain, mental anguish and emotional distress, and

will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT TWO: SUPPLIER LIABILITY

12. Plaintiff incorporates by reference, as if fully rewritten herein, each and every allegation contained in paragraphs one (1) through eleven (11) of Plaintiff's complaint, and further states:

13. That Defendant Adaptive is a supplier of Defendant Beasy's Transfer Board.

14. That Defendant Prickett is also a supplier of Defendant Beasy's Transfer Board.

15. Pursuant to O.R.C. § 2307.78, suppliers of a product established as defective in any of the foyr factors listed in O.R.C. § 2307.73 are subject to liability if either the supplier of the product was negligent and that negligence was the proximate cause of the injury, or if the product in question did not conform, when it left the control of the supplier in question, to a representation made by that supplier, and that representation and the failure to conform to it were a proximate cause of harm for which the claimant seeks to recover compensatory damages.

16. Defendant Adaptive was the supplier through which Plaintiff ordered the defective board through Defendant Pricket's online merchandise market "Amazon".

17. Plaintiff is informed and herein avers that Defendants Adaptive and Pricket breached supplier duties as outlined above by failing to inspect the product prior to sale. That with reasonable inspections, Defendants Adaptive and Pricket would have identified the manufacturer defect and prevented Plaintiff's harm.

18. That Defendants Adaptive and Pricket individually or in concert re-assembled the defective board in question upon receipt from the manufacturer, Defendant Beasy.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Apr 05 1:18 PM-23CV002781
0F420 - M20
Case: 2:23-cv-01630-SDM-KAJ Doc #: 1-1 Filed: 04/25/23 Page: 6 of 18 PAGEID #: 23

19. As a result, both Defendants Adaptive and Pricket are subject to supplier liability based on their own, individual negligence.

20. That had Defendants Adaptive and Pricket used reasonable care under the circumstances, Plaintiff would not have suffered harm.

21. As a direct and proximate result of the aforementioned negligence and/or gross negligence and/or willful and/or wanton and/or reckless acts and/or failure to act of Defendant Beasy, Plaintiff has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT THREE: NEGLIGENCE

22. Plaintiff incorporates by reference, as if fully rewritten herein, each and every allegation contained in paragraphs one (1) through twenty-one (21) of Plaintiff's complaint, and further states:

23. All Defendants breached normal industry standards by manufacturing and/or distributing and/or selling a commercial product that is unfit for its ordinary purpose through reasons stated above, through the negligent acts of their employees and/or agents in creating a hidden dangerous condition that injured Plaintiff, and through other grounds unknown but may become known through discovery.

24. As a direct and proximate result of the aforementioned negligence and/or gross negligence

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Mar 07 1:18 PM-23CV001278
0F420 - M21
Case: 2:23-cv-01606-JLG-KAJ Doc #: 1-1 Filed: 04/05/23 Page: 07 of 18 PAGEID #: 22

and/or willful and/or wanton and/or reckless acts and/or failure to act of Defendant Beasy, Plaintiff has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on **ALL COUNTS** against all Defendants, jointly and/or severally, in an amount in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) in compensatory damages. Furthermore, Plaintiff demands any and all further relief this Court deems proper including, but not limited to, court costs and attorney fees.

Respectfully submitted,

  /s/ Daren Niemi
Daren T. Niemi (0093640)
Kenneth C. Podor (0014067)
THE PODOR LAW FIRM, LLC
33565 Solon Rd
Solon, Ohio 44139
P: (440) 914-5297
F: (440) 914-0377
E: dniemi@podorlaw.com
*Attorneys for Plaintiff*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Mar 08 1:18 PM-23CV001278
0F420 - M22
Case: 2:23-cv-01630-SDM-KAJ Doc #: 1-1 Filed: 04/25/23 Page: 8 of 8 PAGEID #: 23

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in this action to be tried to a jury comprised of the maximum number of jurors permitted by law.

Respectfully submitted,

/s/ Daren Niemi
Daren T. Niemi (0093640)
Kenneth C. Podor (0014067)
THE PODOR LAW FIRM, LLC