IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN ESLINGER,

      Plaintiff,

  v.                                             Civil Action 2:21-cv-1606
                                                  Judge Michael H. Watson
                                                  Magistrate Judge Jolson

BEASY TRANS SYSTEMS, INC., et al.,

      Defendants.


**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Status Report (Doc. 22) and the Court's November 15, 2021, Order (Doc. 20) requiring the Plaintiff to comply with his discovery obligations. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 4) be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

Plaintiff filed this personal injury products liability case in the Franklin County Court of Common Pleas on March 1, 2021. (Doc. 1 at 1). The case was removed to this Court on April 7, 2021. (Doc. 1). On November 15, this Court granted Plaintiff's attorney's Motion to Withdraw (Doc. 18) after Plaintiff sent threatening messages and no longer directly communicated with his attorney. (Doc. 20 at 1–2). In that Order (Doc. 20), the Court also noted Defendant's concern regarding Plaintiff's failure to comply with discovery obligations. (*Id.* at 2). The Court ordered "Plaintiff to respond to Defendant's Interrogatories and Requests for Production of Documents and inform Defendant of available dates for his deposition by November 29, 2021." Further, the

Court required the parties to file a status report by December 1, 2021, if the discovery issue was not resolved. (*Id.*). The Court sent this Order to the address provided by Plaintiff (1598 Pilgrim St., Akron, OH 44304) but it was returned as undeliverable. Also, Defendant has attempted to contact Plaintiff now that he is pro se and received no response. (*See generally* Doc. 22). Plaintiff has failed to comply with his discovery obligations. Further Plaintiff has not communicated with the Court regarding the status of this case, nor updated the Court on a potential address change.

II.   STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly

dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, Plaintiff has not complied with his discovery obligations for over four months (Doc. 22 at 1–2) despite a Court Order to do so (Doc. 20 at 2). Plaintiff has not shown cause for why he has not complied with discovery, nor did he participate in the status report required by the Court if the discovery issue could not be resolved (*Id.*). Plaintiff's failure to comply with discovery or to explain to the Court why he has not complied indicates that he has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever he has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, Defendant has unquestionably been prejudiced due to Plaintiff's lack of discovery compliance. Defendant has endured the cost of litigation and borne the cost of filing motions and taking other actions in pursuit of discovery cooperation which Plaintiff is obligated to provide. *See Coogler v. Green Tokai Co.*, No. 3:06CV0378, 2007 WL 3071643, at *2 (S.D. Ohio Oct. 19, 2007). Plaintiff's lack of compliance has prejudiced the Defendant.

The third and fourth factors weigh in favor of dismissal. The Court warned Plaintiff in its Order that failure to comply with the order would result dismissal. (Doc. 20 at 2). Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to meaningfully participate in these proceedings.

*Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction. Because lesser sanctions would be futile, dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

Additionally, it is noted that the Court attempted to mail Plaintiff a copy of the last Order (Doc. 20) and it was returned as undeliverable. (Doc. 21). Plaintiff is currently *pro se* since his attorney has withdrawn. (Doc. 20). As stated in the *pro se* handbook, *pro se* litigants have an obligation to keep the Court updated regarding changes in address or phone number; failure to do so may result in dismissal of the case for lack of prosecution.

## IV. CONCLUSION

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 4) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  December 7, 2021                             /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE